# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOSES M. BROWN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-435-SMY |
| ) | |
| STATE OF ILLINOIS, and ) | |
| IDOC PAROLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Moses M. Brown, formerly an inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In September 2019, Plaintiff was returned to IDOC custody pursuant to a warrant for parole violations and was eventually transferred to Vandalia Correctional Center ("Vandalia"). Plaintiff contends officials at Vandalia held him beyond his release date. Additionally, he appears to be asserting claims pertaining to his parole revocation and initial detention at the arresting agency's police station.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is

---

[1] Plaintiff was incarcerated at the time of filing. (Doc. 1-1). Accordingly, his Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: On September 9, 2019, Plaintiff was arrested pursuant to a warrant for parole violations. Plaintiff was detained at "the police station" where he was subjected to extremely cold temperatures without covers or bedding. On September 24, 2019, Plaintiff was transferred to Stateville Correctional Center ("Stateville"). While Plaintiff was in custody at Stateville, he was interviewed by members of the Illinois Prisoner Review Board. The Prisoner Review Board representatives told Plaintiff they found no parole violations and indicated he would be released. Instead of being released, Plaintiff was transferred to Vandalia. Plaintiff informed officials at Vandalia that he was supposed to be released, but they refused to assist him correct the mistake. In January of 2020, Plaintiff met with members of the Prisoner Review Board and was given an "out" date of February 28, 2020.

## Discussion

Plaintiff's excessive incarceration claim is subject to dismissal because he has not named a proper defendant. Plaintiff cannot bring a claim for damages pursuant to 42 U.S.C. § 1983 against the State of Illinois. *See Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012); *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005). Instead, Plaintiff must pursue his claim against the prison officials who caused the alleged constitutional violation, presumably officials at Vandalia. But Plaintiff has not named any Vandalia officials as defendants. Accordingly, this claim will be dismissed without prejudice.

Although not entirely clear, Plaintiff may also be attempting to bring claims relating to his arrest, initial detention, and parole revocation. To the extent that Plaintiff is attempting to assert claims regarding these matters, they do not survive preliminary review. The allegations pertaining to his arrest and initial detention at "the police station" are not associated with any particular defendant and therefore must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Any claims pertaining to the decision to revoke Plaintiff's parole are subject to dismissal because parole board members are accorded absolute immunity for these activities. *See Walrath v. United States*, 35 F.3d 277, 282 (7th Cir. 1994) ("[P]arole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole."); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996) ("Absolute immunity protects board members not only for the decision to revoke ... supervised release, but the board members' actions that are 'part and parcel' of the decision-making process.").

For these reasons, the Complaint will be dismissed without prejudice. However, Plaintiff will be granted leave to amend his Complaint.

## Disposition

Plaintiff's Complaint is **DISMISSED without prejudice**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **[28 days from date of filing]**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2021**

	*[signature]*

	**David W. Dugan**
	**United States District Judge**